ETHRIDGE, Chief Justice.
The Chancery Court of Rankin County issued a permanent injunction against the Jack son Municipal Airport Authority and its representatives restraining them from any further transportation, storage, sale and distribution of wines and beer at the Jackson Municipal Airport, Allen C. Thompson Field, situated in Rankin County, Mississippi. The Airport Authority is a public corporate body and an agency of the City of Jackson. This appeal involves the interpretation of statutes pertaining to the incorporation of municipal airports, the legalization of light wines and beer in a municipality, and the effect of the airport’s municipal incorporation in a county which has elected by local option to ban them. We hold that the law applicable to the municipality controls, and thus reverse and dissolve the injunction.
*885 The City of Jackson is located in Hinds County. Part of its eastern boundary is adjacent to Rankin County. The Airport Authority purchased land in Rankin County and constructed an airport on it. Mississippi Laws 1964, chapter 495, authorizes municipalities to bring into their corporate limits lands which constitute an airport or air navigational facility, are wholly owned by the city, and are situated within ten miles of the existing municipal limits, even though not contiguous. The incorporation can be accomplished by the adoption of an ordinance under required procedures, “regardless of whether or not such airport * * * is located within the same county as that of the incorporated municipality and irrespective of whether or not it is adjacent or contiguous thereto * * The ordinance must be published in newspapers in both counties, if the municipality and airport are in different counties. Section 1(3) of the act provides:
Subject only to the provisions hereof, any such ordinance shall become effective upon the effective date fixed therein, and on and after such effective date all laws, municipal ordinances, codes and resolutions of and applicable to the municipality availing itself of the provisions hereof shall be applicable to such newly incorporated territory described therein to the same effect and to the same extent as if such newly incorporated territory had been annexed to the municipality under existing statutes. Venue for the trial of all offenses against such laws and ordinances shall be in the county in which the principal office of the municipality is located.
Section 2 states:
The provisions of this act shall be in-. dependent of, and in addition to, all existing laws of this state governing the extension or enlargement of municipal corporate boundaries and shall apply to all-municipalities whether any such municipality be operating under the code charter, under the commission form of government, or under a special charter, and regardless of whether a different or special procedure be provided by any such special charter, or by any other laws of the state.
Under Section 3, a person aggrieved by an ordinance may appeal to the circuit court of the county in which the principal office of the municipality is located.
Acting under the above statute, the City of Jackson adopted an ordinance incorporating into the city all of the territory constituting the Jackson Municipal Airport. It was published in Rankin and Hinds Counties, and no one who might be aggrieved by it appealed.
At the time of the adoption of the incorporating ordinance, the sale of light wines and'beer was legal in the City of Jackson. Miss.Code Ann. § 10207 (1956). Subsequent to this ordinance, the State Tax Commission issued a license to Michael J. Iupe, which authorized him to possess and sell light wines and beer at the restaurant located at the airport.
When the incorporating ordinance was enacted, the possession and sale of light wines and beer was unlawful in Rankin County, by virtue of an election held in 1934. There are no qualified electors of Rankin County who reside on any of the property constituting the Jackson Municipal Airport. The airport is not adjacent or contiguous to the remaining territory constituting the City of Jackson, but it is situated within ten miles of it. This case involves only the legality of the sale of light wines and beer at the airport. It is not concerned with any of the provisions of the Alcoholic Beverage Control Act of 1966. Miss.Laws 1966, Ad.Sh. No. 6, H.B. No. 112 (May 21, 1966).
The issue is solely one of law, the interpretation and effect of Chapter 495, Mississippi Laws 1964. That statute is clear and unambiguous. It authorizes a municipality to incorporate its airport properties, wholly owned by the municipality, into its *886 corporate boundaries, whether or not the airport is located in the same county as that of the city, provided it is situated within ten miles of the corporate limits. The above-quoted subsection 3 of section 1 of the Act states that upon the enactment of such an ordinance, all laws and ordinances “of and applicable to the municipality availing itself of the provisions hereof shall be applicable to such newly incorporated territory described therein to the same effect and to the same extent” as if it had been annexed to the city under other existing statutes. One of these laws applicable to the City of Jackson is Code Section 10207, which makes lawful the possession and sale of wine and beer of an alcoholic content of not more than four per centum by weight. Chapter 495 made that law applicable to the newly incorporated territory. It is unambiguous and as specific as is possible in expressing such an intent. It reflects a legislative purpose to that effect.
On the other hand, appellee argues that, since Rankin County voted dry, that is, to take itself from under the general provisions of Section 10207, and to prohibit light wines and beer under section 10208, the airport property should remain dry on this question until a later election in the City of Jackson determines that such transactions should be permitted on airport territory; that the annexation of the airport to the city did not supersede at the airport the law applicable in Rankin County prohibiting light wines and beer in that county. Appellee relies on the rule that the vote in a local option unit is ordinarily binding on its entire territory, in the absence of some statutory provision to the contrary.
However, Chapter 495 constitutes that contrary statutory provision. It eliminated the necessity of holding what would amount to a futile, useless, and expensive election, when it provided that the laws and ordinances of, and those applicable to, a municipality would thereafter apply to the incorporated airport. Further, appellees’ interpretation of Chapter 495 would unjustifiably assume that the legislature intended an absurd procedure. There are no qualified electors of Rankin County residing on the airport, whose local option rights are affected by the failure to hold such election. By way of comparison, Code Section 10208.-5 authorizes any municipality having a population of not less than 2,500 to decide by local option to either prohibit or permit the possession and sale of light wines and beer. See Lee County Drys v. Anderson, 231 Miss. 222, 95 So.2d 224 (1957).
The legislature apparently considered that, under the limited circumstances provided for in chapter 495, there would be no reason for holding a local option election for light wines and beer on airport property wholly owned by a municipality and having no residents. The cases from other states relied upon by appellee, dealing with the retention of local option when a territory is brought within another jurisdiction, are not relevant here, since Chapter 495 specifically applies to the instant question. See McGriff v. State of Florida, 66 Fla. 332, 63 So. 724 (1913); Blanchard v. Gauthier, 178 So.2d 385 (La.App.1965), affirmed 248 La. 1107, 184 So.2d 531 (1966); Hughes v. Parish Council, 48 So.2d 823 (La.App.1950); Houchins v. Plainos, 130 Tex. 413, 110 S.W. 2d 549 (1937); but cf. State v. Donovan, 61 Wash. 209, 112 P. 260 (1910); see 30 Am. Jur., Intoxicating Liquor § 109 (1958).
Reversed and judgment rendered for appellant.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.