206 So.2d 190 (1968)
JACKSON MUNICIPAL AIRPORT AUTHORITY and DHM, Inc.
v.
T.H. (Red) SHIVERS, Walter R. Ratcliff, Gaylon E. Westbrook, J.B. Torrence and their successors in office.
No. 44844.
Supreme Court of Mississippi.
January 8, 1968.
Overstreet, Kuykendall, Perry & Crockett, Jackson, for appellant.
R.H. Broome, Jackson, for appellees.
INZER, Justice:
This is an appeal by Jackson Municipal Airport Authority and DHM, Inc., a Mississippi corporation, from a decree of the Chancery Court of Rankin County wherein that court refused to enjoin appellees T.H. Shivers, Sheriff of Rankin County, Walter R. Ratcliff, Gaylon E. Westbrook, Justices of the Peace of the Second District of Rankin County, and J.B. Torrence, Constable of said district, from interfering in any way with the complainants' alleged right to sell alcoholic beverages for on-premises consumption at the Jackson Municipal Airport.
On May 17, 1967, appellants filed a bill of complaint in the Chancery Court of Rankin County seeking an injunction to restrain appellees, law enforcement officers of Rankin County, from interfering in any way with the alleged right of DHM, Inc. to sell alcoholic beverages in accordance with its permit at the Jackson Municipal Airport located in Rankin County.
Appellees answered and denied that appellants had any right to sell alcoholic beverages at the airport in Rankin County for the reason that Rankin County had voted against allowing the sale of alcoholic beverages in said county and that the State Tax Commission was therefore without authority to issue a permit for the sale of alcoholic beverages in said county.
The essential facts stipulated in a hearing before the chancellor are that the Jackson Municipal Airport is a separate body politic *191 and an agency of the City of Jackson charged with the operation of the Jackson Municipal Airport in Rankin County and Hawkins Field, a general aviation airport in Hinds County.
DHM, Inc. is sub-lessee from Dobbs House, a division of Beech-Nut Lifesavers, Inc., of the restaurant and beverage facilities at the Jackson Municipal Airport in Rankin County. It holds a permit for on-premises retail sale of alcoholic beverages issued by the State Tax Commission.
Pursuant to and proceeding under Chapter 495 of the General Laws of Mississippi of 1964, the City of Jackson adopted an ordinance, effective July 1, 1964, incorporating into the city all the territory comprising the Jackson Municipal Airport in Rankin County. The airport is not contiguous to other territory comprising the city, but it is within ten miles thereof. It is owned exclusively by the City of Jackson, and there are no qualified electors or other residents of Rankin County residing there.
The resident citizens of the City of Jackson constitute a vast majority of the qualified electors of the First Judicial District of Hinds County where a majority of the qualified electors voted to legalize the possession and sale of alcoholic beverages in accordance with the provisions of House Bill 112 of the 1966 General Session of the Mississippi Legislature. Since that time the selling of alcoholic beverages has been permitted in the City of Jackson pursuant to permits issued by the State Tax Commission. However, a majority of the qualified electors of Rankin County voting in an election pursuant to House Bill 112, supra, voted against the legalization of alcoholic beverages in that county.
Rankin County levies and collects ad valorem taxes on personal property of lessees and concessionaires situated at the Jackson Municipal Airport, and the State Tax Commission assesses taxes for the benefit of Rankin County on all public utility property in and about the airport.
It was also stipulated that the chancellor might consider two opinions of the Attorney General of the State, wherein he stated that in his opinion the sale of alcoholic beverages at the airport was legal, as well as affidavits of James G. Tempfer and T.A. Turner, the contents of which it is unnecessary to detail here. For it was further stipulated that appellees were law enforcement officers of Rankin County, that appellees had advised appellants that if alcoholic beverages were purchased and sold at the airport, they would arrest persons participating therein, and that appellees fully intended to do everything necessary to prevent alcoholic beverages from being sold at the airport.
The chancellor, after considering the stipulated facts and briefs of counsel, entered a decree dismissing the bill of complaint. In a written opinion the chancellor held that as a matter of law, appellants had no right to sell alcoholic beverages at the municipal airport in Rankin County.
The principal question to be determined on this appeal is whether the sale of alcoholic beverages at the municipal airport in Rankin County is controlled by the provisions of Chapter 540 of the Laws of 1966, designated as the Local Option Alcoholic Beverage Control Law, or by the provisions of Chapter 495 of the Laws of 1964, as construed by this Court.
The Local Option Alcoholic Beverage Control Law made it possible for counties, or judicial districts of counties having two judicial districts, to legalize the sale of alcoholic beverages by a majority vote of the qualified electors voting. Section 1 of the Act states:
The policy of this State is reannounced in favor of prohibition of the manufacture, sale, distribution, possession and transportation of intoxicating liquor and the provisions against such manufacture, sale, distribution, possession and transportation of intoxicating liquor, as contained in Chapter 3, Title 11, Recompiled Volume 2A, Mississippi Code of 1942, and elsewhere as provided by law, are hereby *192 redeclared the law of this State. The purpose and intent of this act is to vigorously enforce the prohibition laws throughout the State, except in those counties voting themselves out from under the prohibition law in accordance with the provisions of this act, and, in those counties, to require strict regulation and supervision of the manufacture, sale, distribution, possession and transportation of intoxicating liquor under a system of State licensing of manufacturers, wholesalers, and retailers, which licenses shall be subject to revocation for violations of this act.
A reading of this act reveals an intention on the part of the Legislature that the prohibition laws of this state should remain in full force and effect in all counties, except those which chose to legalize alcoholic beverages by a majority vote of its qualified electors. Rankin County, by a majority of its electors, voted to remain dry, so that the sale of alcoholic beverages in all the territory comprising the county is prohibited unless, as contended by appellants, the provisions of Chapter 495 of the Laws of 1964, as construed by this Court, control the sale of alcoholic beverages at the Jackson Municipal Airport.
The case of Jackson Municipal Airport Authority v. State, 196 So.2d 884 (Miss. 1967) involved the question of whether light wines and beer could be sold at the airport. The sale of wines and beer was legal in Hinds County but was not in Rankin County. Chapter 495 authorized municipalities to bring into their corporate limits land which constitutes an airport wholly owned by the city and situated within ten miles of the existing municipal limits even though not contiguous. Acting according to the prescribed methods of incorporation, the City of Jackson incorporated all the territory constituting the Jackson Municipal Airport in Rankin County. In determining that light wines and beer might be sold at the airport, we interpreted Chapter 495, by virtue of provisions of Section 1(3), to mean that all laws, municipal ordinances, codes and resolutions of, and applicable to, the City of Jackson were applicable to that part of the city located in Rankin County. In that connection we said:
The issue is solely one of law, the interpretation and effect of Chapter 495, Mississippi Laws 1964. That statute is clear and unambiguous. It authorizes a municipality to incorporate its airport properties, wholly owned by the municipality, into its corporate boundaries, whether or not the airport is located in the same county as that of the city, provided it is situated within ten miles of the corporate limits. The above quoted subsection 3 of section 1 of the Act states that upon the enactment of such an ordinance, all laws and ordinances "of and applicable to the municipality availing itself of the provisions hereof shall be applicable to such newly incorporated territory described therein to the same effect and to the same extent" as if it had been annexed to the city under other existing statutes. One of these laws applicable to the City of Jackson is Code Section 10207, which makes lawful the possession and sale of wine and beer of an alcoholic content of not more than four per centum by weight. Chapter 495 made that law applicable to the newly incorporated territory. It is unambiguous and as specific as is possible in expressing such an intent. It reflects a legislative purpose to that effect. (Id. at 885)
It was pointed out that, under provisions of Sections 10207 and 10208, the City of Jackson could hold an election in the city to determine whether the possession and sale of wine and beer would be legal in the city, but that it would be a useless and absurd procedure since there were no qualified electors residing at the airport in Rankin County. There is no such provision in the Local Option Alcoholic Beverage Control Law. We concluded that the possession and sale of wine and beer at the airport in Rankin County was authorized by our interpretation of Chapter 495. However, we said "this case involves only the legality of the *193 sale of light wine and beer at the airport. It is not concerned with any of the provisions of the Alcoholic Beverage Control Law."
Appellants urge that our decision in the beer case is controlling here and that since the First Judicial District of Hinds County, of which the City of Jackson is a part, voted to legalize the sale of alcoholic beverages, and since the same laws and ordinances became operative as to the airport property by virtue of Chapter 495, the sale of alcoholic beverages likewise became legal at the airport.
From what has been said, it is readily apparent that by the terms of the Local Option Alcoholic Beverage Control Law the sale of alcoholic beverages is prohibited within the territorial limits of Rankin County, while if our interpretation of Chapter 495 of the Laws of 1964 is followed to its logical conclusion, the sale of alcoholic beverages at the municipal airport is legal. Thus, the two statutes, insofar as the sale of alcoholic beverages at the airport is concerned, are in direct conflict and are repugnant. They cannot be reconciled, and one or the other must control insofar as the sale of alcoholic beverages at the airport is concerned. Both of these acts are general acts. Chapter 495 deals with the subject of aeronautics and specifically the acquisition, incorporation and control of municipal airports, and is applicable to all cities that come within its terms. The Local Option Alcoholic Beverage Control Law deals with the possession and sale of liquor in all counties of the state. Section 36 thereof is the repealing clause and it provides:
All laws and parts of laws in conflict herewith are repealed only to the extent of such conflict; however, except as is herein provided, all laws prohibiting the manufacture, sale, distribution and possession of alcoholic beverages, which are not in conflict with this act shall remain in full force and effect, and all such laws shall remain in full force and effect in counties wherein the manufacture, sale, distribution and possession of alcoholic beverages has not been authorized as a result of an election held under the preceding section.
It is manifest that it was the intention of the Legislature that all laws prohibiting the sale of alcoholic beverages would remain in full force and effect except in the territorial limits of those counties or judicial districts which voted to legalize alcoholic beverages. To accomplish this purpose it specifically provided all laws or parts of laws in conflict with the act were repealed. The repealing clause does not specifically refer to Chapter 495 of the Laws of 1964, but it is clear that that part of the law which would authorize the sale of alcoholic beverages in a county that had not voted to legalize such sale was repealed by implication. We have said in numerous cases that the doctrine of repeal by implication is not favored in law, but when there is an irreconcilable conflict between two statutes, the latter statute repeals the former insofar as it is in conflict. In Asher & Baxter v. Moyse & Co., 101 Miss. 36, 57 So. 299 (1911) this Court reviewed our earlier cases dealing with this subject and stated:
* * * In 36 Cyc., p. 1073, the rule is thus laid down: "Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, must govern, although it contains no repealing clause. But it is not sufficient to establish such repeal that the subsequent law covers some or even all of the cases provided for by the prior statute, since it may be merely affirmative, or cumulative, or auxiliary. Between the two acts there must be plain, unavoidable, and irreconcilable repugnancy, and even then the old law is repealed by implication only pro tanto, to the extent of the repugnancy. If both acts can, by any reasonable construction, be construed together, both will be sustained. Two statutes are not repugnant to each other unless they relate to the same subject. Furthermore, it is necessary to the implication of a repeal that *194 the objects of the two statutes be the same. If they are not, both statutes will stand, although they may refer to the same subject. When two statutes cover, in whole or in part, the same subject matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both. Where, however, a later act covers the whole subject of earlier acts, and embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such subject matter, even if the former acts are not in all respects repugnant to the new act. But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole subject matter of the former one, and was intended as a substitute for it. If the later statute does not cover the entire field of the first, and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope, but the two will be construed together, so far as the first still stands." (Emphasis added)
If the inquiring mind desires to run out to his satisfaction, and if he will consult the numerous authorities cited by this author in support of the rule there announced, he will find that the rule is correctly and accurately stated as gleaned and gathered from these various authorities. In the celebrated case of Great Northern Railroad Company v. United States, 208 U.S. 452, 28 Sup.Ct. 313, 52 L.Ed. 567, a case of considerable importance, and one in which were engaged some of the brightest legal luminaries in this country, it was in substance announced by that eminent authority that "the rule that a later act covering the whole subject of a former act and embracing new provisions operates by implication to repeal the prior act is subject to the qualification that where the later act expresses the extent to which it is intended to repeal prior laws, as by a clause repealing all laws in conflict therewith, it excludes any implication of a more extended repeal."
Inasmuch as the Local Option Alcoholic Beverage Control Law is the last announcement of the Legislature on the subject and by its plain terms limits the sale of alcoholic beverages to those counties or judicial districts of the counties voting to legalize the sale of alcoholic beverages, we are of the opinion that this act controls insofar as any territory of the City of Jackson that is located within the territorial limits of Rankin County is concerned. To hold otherwise would have the effect of making legal the sale of alcoholic beverages within a county that had voted to prohibit such sale. If the State Tax Commission could legally issue a permit for on-premise retail sale of alcoholic beverages at the airport in Rankin County, it could likewise issue a permit for the operation of a package store. A holding to this effect would be tantamount to an amendment of the Local Option Alcoholic Beverage Control Law by judicial decision. This we are restrained not to do.
Appellants also urge that the sale of alcoholic beverages at the Jackson Municipal Airport is in the public interest and for this reason this Court should construe the statutes to uphold such sale. It is pointed out that the sale of alcoholic beverages would be mostly to the traveling public and that the State would derive much revenue therefrom. However, this is a matter for the Legislature and not the Courts. If it is in the public interest that alcoholic beverages be sold at municipal airports, the Legislature has the power to enact the necessary laws.
We hold that the sale of alcoholic beverages at the Jackson Municipal Airport is controlled by the provisions of the Local Option Alcoholic Beverage Control Law, and that under its provisions such beverages cannot be legally sold anywhere within the *195 territorial limits of Rankin County where a majority of the qualified electors have voted to prohibit such sale. The State Tax Commission was without authority to issue a permit for the sale of alcoholic beverages at any place within Rankin County. It is the duty of the appellees and their successors in office to enforce the prohibition laws in Rankin County, and the action of the chancery court in refusing to enjoin them from doing so was in all things correct and proper. The decree dismissing the bill of complaint is affirmed.
Affirmed.
All Justices concur.