ROBERTSON, Justice:
More than two-thirds of the qualified electors residing in the territory East of Pearl River in Rankin County, Mississippi, petitioned the Chancery Court of Rankin County to create a municipal corporation to be known as “Pearl, Mississippi”.
The City of Jackson, Mississippi, was made a party defendant in accordance with the requirements of Section 3374 — 04, Mississippi Code 1942 Annotated (1956). The City filed a special plea to the jurisdiction, averring that “[Sjaid petition fails to set forth any municipal or public service which said municipal corporation proposes to render.” The City charged that because the petitioners failed to meet this mandatory requirement of the statute that the court did not have jurisdiction and the Petition to Incorporate should be dismissed.
Two individual protesters also filed a special plea to the jurisdiction which was identical to that filed by the City of Jackson.
The chancellor entered a decree sustaining the special plea to the jurisdiction and dismissing the Petition to Incorporate. The Court found in the decree:
“[Tjhat the petition wholly fails to set forth any municipal and public services which the said municipal corporation proposes to render; . . . ”
Section 3374-03, Mississippi Code 1942 Annotated (1956), lists eight requirements of the Petition for Incorporation. The sixth requirement is:
“It shall state the aims of the petitioners in seeking said incorporation, and *445 shall set forth the municipal and public services which said municipal corporation proposes to render and the reasons why the public convenience and necessity would be served by the creation of such municipal corporation.”
In seeking to meet that requirement, petitioners stated in their petition:
“Your petitioners would show unto the Court that their aim in seeking said incorporation is for the betterment of public services to be rendered to the inhabitants within said territory; that the incorporation will permit the providing of adequate fire and police protection therein, which at the present time are not adequately maintained within the boundaries of the said territory; herein above described and proposed to be incorporated; the Petitioners would show that the area of Pearl is one of the largest areas, if not the largest area, in the state of Mississippi, which is not incorporated, that we have the largest consolidated school in the area, Pearl-McLaurin, whose total enrollment was in excess of 4,000 at the September, 1970, term, that due to this large mass of students a youth offender investigating officer is needed. Petitioners would show that there is evidence of drug abuse in the minor children in the proposed area and that a local trained officer is needed to assist in this area, which the city plans to create as soon as possible.
“The Petitioners would further show that the Pearl area, because of its great number of people, as health problems created by inferior sewer systems, the keeping of animals in residential areas causing mosquitoes, and other diseases, and that due to the procedure which must be followed it is almost legally impossible to correct this situation without municipal ordinances, which the proposed municipality intends to enact.
“The Petitioners would show unto the Court that it intends to enact further ordinances which would allow the people to enjoy their homes and community, such as protection for electrical standards, plumbing standards and building code standards.
“It is further the purpose of the Petitioners that improved sanitation and garbage disposal within said territory be provided; that from time to time as occasion requires, adequate school facilities for the education of youth in said territory will be provided along with supervision of the youth of the area which is proposed to be incorporated.”
We think that the petition fully met the sixth requirement of the statute and that the chancellor was in error in holding that it did not. We also are of the opinion that the Petition for Incorporation fully meets all eight requirements of Section 3374-03, and that the petitioners are now entitled to a prompt hearing on the merits.
The protesters strenuously contend that the creation of a brand new municipality is closely akin to the enlargement of an existing municipality’s boundaries, and that the requirements for a petition to incorporate should be the same as the requirements for the ordinance extending the boundaries of an existing municipality. We do not agree, and we note that the Legislature does not agree. It deals with the creation of a new municipality, Section 3374-03, and the extension of the boundaries of an existing municipality, Section 3374-10, in completely separate statutes. The requirements of Section 3374-10 are much more stringent than the requirements of Section 3374-03.
There is sound reasoning back of these differences in requirements. The same tests of strength cannot be applied to an infant as can be applied to a strong and active adult. It is fallacious reasoning to contend that the same tests of municipal strength should be applied to a new municipal corporation, not yet born, and a mature and adult municipality that has out *446 grown its municipal boundaries. The Legislature has wisely provided that when an adult municipality desires to take into its municipal home additional people, that it must prove its ability to provide and care for these additional children it proposes to adopt.
The chancellor was correct in allowing F. J. Colyer and W. A. Gordon to intervene as objectors. Section 3374-04, Mississippi Code 1942 Annotated (1956), provides in part:
“After the filing of said petition, and upon request therefor by the petitioners, the chancellor shall set a day certain, either in term time or in vacation, for the hearing of such petition and notice shall be given to all persons interested in, affected by, or having objections to the proposed incorporation, that the hearing on the petition will be held on the day fixed by the chancellor and that all such persons will have the right to appear and enter their objections, if any, to the proposed incorporation.” (Emphasis added).
Section 3374-05, Mississippi Code 1942 Annotated (1956), states:
“At the time fixed, the chancellor shall proceed to hear all evidence offered in support of said petition, together with all objections, if any, that may be presented touching or bearing upon the question of whether or not the proposed incorporation is reasonable and is required by the public convenience and necessity.” (Emphasis added).
Appellants have called attention to the fact that the notice published contains this language:
“You are hereby given notice and summoned to appear before the Chancery Court of Rankin County, Mississippi, in the Courthouse Building of the City of Brandon, Mississippi, on the 20th day of September, 1971, at 9:00 A.M. at which said time and place a hearing will be had on the said petition of L. D. Bol-ing and John Mohr and others comprising more than 2/z of the qualified electors of the said territory to incorporate the above described property into a municipality to be known as the City of Pearl, Mississippi, and that protests and objections, if any, must be filed in said court in said cause numbered 11,304 on the docket thereof on or before said day and hour.” (Emphasis added).
The notice cannot limit the rights granted in the statute. In our opinion, Sections 3374-04 and 3374-05 extend the right to objectors and protesters to personally appear at the hearing of the petition on the merits and present their objections orally.
The decree dismissing the petition for lack of jurisdiction is reversed and this cause remanded for a prompt hearing on the merits.
Reversed and remanded.
GILLESPIE, C. J., and JONES, BRADY and INZER, JJ., concur.