# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-AN-01422-SCT

*CITY OF JACKSON, MISSISSIPPI*

*v.*

*CITY OF PEARL, MISSISSIPPI, CITY OF FLOWOOD, MISSISSIPPI AND RANKIN COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2021 |
| TRIAL JUDGE: | HON. DAVID ANTHONY CHANDLER |
| TRIAL COURT ATTORNEYS: | JOHN P. SCANLON |
| | JACOB A. BRADLEY |
| | WILLIAM "TREY" JONES, III |
| | NORMAN BAILEY, JR. |
| | J. CHADWICK MASK |
| | JACOB STUTZMAN |
| | TIMOTHY CRAIG HOWARD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | J. CHADWICK MASK |
| | JACOB STUTZMAN |
| | ANITA MATHEWS STAMPS |
| | CATORIA P. MARTIN |
| | LEE DAVIS THAMES, JR |
| | CARRIE E. JOHNSON |
| ATTORNEYS FOR APPELLEES: | JOHN P. SCANLON |
| | JERRY L. MILLS |
| | ZACHARY L. GIDDY |
| | WILLIAM "TREY" JONES, III |
| | NORMAN BAILEY, JR. |
| | JACOB A. BRADLEY |
| | CRAIG LAWSON SLAY |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | AFFIRMED - 03/16/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     Pursuant to Mississippi Code Sections 61-9-1 to -9 (Rev. 2022) the City of Jackson passed an ordinance on August 6, 2019, to incorporate land in Rankin County that surrounds what is known as the Jackson-Medgar Wiley Evers International Airport.  Rankin County, the City of Pearl and the City of Flowood appealed the ordinance to Hinds County Circuit Court.  The trial court declared the ordinance void because Jackson had failed to obtain the consent and approval of the Rankin County Board of Supervisors before passing the ordinance.  Jackson timely appealed to this Court claiming that the trial court erred by finding that approval of the Rankin County Board of Supervisors was required.  This Court finds the ordinance void and affirms the judgment of the Hinds County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 6, 2019, the Jackson City Council unanimously passed "[a]n ordinance incorporating properties constituting an airport or air navigational facility in Rankin County, Mississippi, into the corporate limits and boundaries of the City of Jackson, Mississippi . . . . pursuant to the provisions of Mississippi Code Annotated § 61-9-1, *et seq.*"  The disputed land consists of undeveloped area surrounding the airport allegedly owned by Jackson.[1] Jackson contends that, in its 2017 Strategic Plan, the land was designated as approximately four hundred acres of aerospace, light manufacturing and distribution; approximately two hundred acres with access to airport runways; and approximately three hundred acres ideal

---

[1]Deeds are not included in the record and Rankin County disputes that there is sufficient evidence to show the property is owned by Jackson.  Additionally, Rankin County disputes that the property constitutes "an airport or air navigational facility."  § 61-9-1

for commercial low density office and/or hotel development.

¶3. On August 16, 2019, Pearl, Flowood and Rankin County filed an appeal to challenge the validity of the ordinance in Hinds County Circuit Court pursuant to Mississippi Code Section 11-51-75 (Rev. 2019).[2] Pearl, Flowood and Rankin County claimed that the ordinance was "1) unsupported by substantial evidence, 2) arbitrary or capricious, and 3) beyond the City Council's power to make and/or illegal[.]" Additionally, Pearl, Flowood and Rankin County requested that the court stay the effect of the ordinance due to an ongoing annexation petition in the Rankin County Chancery Court, to which Jackson was party, that would allow Pearl and Flowood to annex the very property that Jackson was attempting to annex in its ordinance.

¶4. On October 27, 2020, the Hinds County Circuit Court entered an order granting Pearl, Flowood and Rankin County's motion to stay the effect of the ordinance. Then, on December 1, 2021, the trial court found that pursuant to Mississippi Code Section 61-9-5 (Rev. 2022), the ordinance was void because Jackson failed to satisfy the statutory requirement of obtaining consent and approval from the Rankin County Board of Supervisors.

¶5. On December 28, 2021, Jackson timely appealed the court's order voiding the ordinance.

---

[2]Section 11-51-75 allows any person aggrieved by a decision of a municipal authority to appeal the decision within ten days from the date the decision was made to the circuit court of the county in which the municipality is located.

## STANDARD OF REVIEW

¶6. When an aggrieved party appeals a decision of a board of supervisors for allegedly violating a statute or other law, the circuit court must conduct a de novo review. *Lowndes Cnty. ex rel. Bd. of Supervisors v. McClanahan*, 161 So. 3d 1052, 1056 (Miss. 2015), *superseded by statute as stated in Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 302 (Miss. 2021); *City of Jackson v. Allen*, 242 So. 3d 8, 13 (Miss. 2018) ("For questions of law, a municipal board's decision is reviewed de novo." (internal quotation marks omitted) (quoting *Nelson v. City of Horn Lake ex rel. Bd. of Aldermen*, 968 So. 2d 938 (Miss. 2007))), *superseded by statute as stated in Am. Tower Asset Sub, LLC*, 324 So. 3d at 302. The present case involves a singular question of law that the circuit court reviewed de novo. For this reason, this Court's review of the circuit court's finding is de novo.

## ANALYSIS

¶7. The single issue on appeal is whether Jackson was required to obtain the consent of the Rankin County Board of Supervisors before passing the ordinance.[3] This case is not controlled by general annexation laws, and this Court is not asked to inquire into the reasonableness of the annexation. Although Jackson is attempting to annex property in Rankin County, the issues of this case are controlled by a unique statutory process created by the legislature to give a city with a population of more than one hundred thousand the ability to incorporate noncontiguous airport property that it owns. Miss. Code Ann. § 61-9-3

---

[3]Jackson requested this Court also to consider if the ordinance complied with Sections 61-9-1 and -3. The Court finds the application of Section 61-9-5 is dispositive in this case, and the parties' arguments concerning compliance with other statutory sections are moot.

4

(Rev. 2022).

¶8.    The statutes at issue were first enacted in Senate Bill 1995 and allow for a municipality to incorporate land that it owns that constitutes an airport that may be located in another county within ten miles of the corporate limits by passing an ordinance and publishing that ordinance in the newspaper.  S.B. 1995, Reg. Sess., 1964 Miss. Laws ch. 495. Senate Bill 1995 was unique in that it created an exception to the adjacency requirement of general annexation laws[4] for certain municipalities (Jackson) that desired to incorporate and establish an airport.  *Id.*  Pursuant to Senate Bill 1995, Jackson incorporated what is now known as the Jackson-Medgar Wiley Evers International Airport in June 1964.

¶9.    Senate Bill 1995 is now codified in nine separate sections found in Title 61, Chapter 9, of the Mississippi Code.  Section 61-9-1 contains the following provision:

> Any incorporated municipality of this state which has heretofore or may hereafter establish or acquire an airport or air navigational facility any part of which is situated within ten miles of the corporate limits of such municipality, may, by ordinance adopted for such purpose, incorporate the properties constituting such airport or air navigational facility into its corporate boundaries. Such incorporation may be accomplished by the adoption of an ordinance as provided in this chapter, regardless of whether or not such airport or air navigational facility is located within the same county as that of the incorporated municipality and irrespective of whether or not it is adjacent or contiguous thereto.

Miss. Code Ann. § 61-9-1 (Rev. 2022).   Mississippi Code Section 61-9-3 contains requirements for the content and enactment of the ordinance.[5]  Section 61-9-5 contains the

---

[4]Mississippi Code Section 21-1-27 (Supp. 2022) allows a municipality to enlarge its boundaries by "adding thereto adjacent unincorporated territory[.]"

[5]Mississippi Code Section 61-9-3(1) (Rev. 2022) requires that the land constituting an airport or air navigational facility must be owned by the municipality that is attempting

following provision:

> If any municipality shall, pursuant to the authority of this chapter, incorporate into its corporate boundaries property situated in a county other than the county in which the principal office of the municipality is located, *it shall not thereafter extend its boundaries into such other county*, without, in addition to complying with all existing laws of this state governing or relating to the extension of corporate boundaries of municipalities, first obtaining the consent and approval of the board of supervisors of such county into which it desires to extend its corporate boundaries.

§ 61-9-5 (emphasis added). The remaining sections are not at issue in this case and are not argued by the parties.

¶10. Jackson argues it complied with Sections 61-9-1 and -3 but that it was not required to comply with Section 61-9-5 because it was incorporating airport property that it owned. Pearl, Flowood and Rankin County argue that Jackson must comply with Section 61-9-5 because Jackson previously utilized the provisions of Chapter 9 and is now attempting to annex property in Rankin County.

¶11. The trial court found that "Section 5 clearly states that a prerequisite to a municipality extending its corporate limits into another county, is obtaining consent and approval from the county's board of supervisors." For this reason, the trial court found that "the action by the council members of The City of Jackson on August 6, 2019, attempting to incorporate property which is located in Rankin County, Mississippi was beyond their authority. The Ordinance is Void."

¶12. This Court too finds the ordinance void. "[T]he task of the court is to fit, if possible, all parts of a statute into a harmonious whole. The entire statute must be construed together,

---

to incorporate.

6

and effect given to every part, if it can be done without manifestly violating the intent of the legislature." ***McCaffrey's Food Mkt., Inc. v. Miss. Milk Comm'n***, 227 So. 2d 459, 463 (Miss. 1969) (quoting 1 Am. Jur. 2d *Administrative Law* § 40 (1962)).

¶13.    By its plain language, Section 61-9-5 is applicable to any municipality that, under the authority of Chapter 9, has incorporated airport property that is situated in another county. Section 61-9-5 applies to Jackson because Jackson previously availed itself of the authority of Chapter 9 when it incorporated the airport in 1964.  The statute further provides that Jackson "shall not thereafter extend its boundaries into such other county, without" compliance with all annexation laws and consent and approval from the Rankin County Board of Supervisors.  § 61-9-5.  This Court finds that Section 61-9-5 is a safeguard for the county whose land that was incorporated without its approval into a municipality for use as an airport.  Sections 61-9-1 and -3 allow a one-time pass from the requirements of general annexation law.  Section 61-9-5 prevents Jackson from using the authority of Chapter 9 as a jumping off point for future annexations into Rankin County. Further, this Court finds that, despite Jackson's argument to the contrary, it is not incorporating new airport property but is attempting to annex property to enlarge an existing airport.[6]

¶14.    Jackson argues that Section 61-9-5 only applies to the incorporation of nonairport property because Section 61-9-5 "does not even include the terms 'airport or air navigational facility[.]'" Pearl, Flowood and Rankin County contend that the legislature included Section

---

[6] Incorporation is the formation of municipal boarders from unincorporated territory. *See* Miss. Code Ann. § 21-1-13 (Miss. 2015).  Annexation, however, is the process of expanding or enlarging incorporated land.  *See* Miss. Code Ann. § 21-1-27 (Miss. 2015); *Annexation*, Black's Law Dictionary (11th ed. 2019).  These two terms are distinct. ***Boling v. City of Jackson***, 258 So. 2d 443, 445 (Miss. 1972).

61-9-5 to limit and clarify the authority given in Sections 61-9-1 and -3. Rankin County argues that Jackson's interpretation of Section 61-9-5 would allow Jackson to unilaterally adopt "multiple ordinances year after year, expanding the City limits further and further into Rankin County so long as the City *plans* to create a 'buffer area' or 'airport compatible development.'" Additionally, Rankin County argues that Jackson's interpretation of the statute would "render the provision of Section 61-9-5 requiring compliance with annexation law entirely superfluous and meaningless" because the annexation of nonairport property already requires compliance with general annexation laws.[7] *Hemphill Constr. Co., Inc. v. City of Clarksdale*, 250 So. 3d 1258, 1263 (Miss. 2018) ("A construction which will render any part of a statute inoperative, superfluous, or meaningless is to be avoided." (internal quotation marks omitted) (quoting *McCaffrey's Food Mkt., Inc.*, 227 So. 2d at 463)).

¶15.    Although Jackson is correct that Section 61-9-5 does not mention airports, it does reference "the authority of this chapter," which is Title 61, Chapter 9, entitled "Incorporation of Airport Into Corporate Boundaries of Municipality[.]" It is this Court's "job to determine legislative intent from the language of the act as a whole, and not to separate from the statutory herd one part alone." *Cellular S., Inc. v. BellSouth Telecomm., LLC*, 214 So. 3d 208, 212 (Miss. 2017) (citing *Wilson v. State*, 194 So. 3d 855, 872 (Miss. 2016)). When Sections 61-9-1 through -5 are read together, it is clear that the legislature intended Section 61-9-5 to limit the authority granted in Sections 61-9-1 and -3, allowing incorporation of land not otherwise authorized by law but prohibiting expansion of that incorporation without the approval of the county board of supervisors.

_____

[7]General annexation laws, as defined by Pearl, Flowood and Rankin County in their briefs, are found in Mississippi Code Sections 21-1-27 through -41 (Rev. 2015).

¶16. Jackson's argument that Section 61-9-5 is applicable only if it expands the airport boundaries to include nonairport properties is without merit. Section 61-9-5 does not provide any special distinction for the expansion of the incorporated property into airport or nonairport property. Section 61-9-5 applies to any expansion of the property that was already incorporated under the authority of Chapter 9. This Court rejects Jackson's suggested interpretation of this statute.

¶17. Jackson suggests that if "the Legislature intended for the county consent requirements to apply to incorporations pursuant to §§ 61-9-1 and 61-9-3, that requirement would have logically been contained within § 61-9-3." Jackson's argument is without merit. "It is not this Court's duty to change statutory language where it sees fit, but only to interpret the language provided by the Legislature." *Chandler v. McKee*, 202 So. 3d 1269, 1274 (Miss. 2016) (citing *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (Miss. 2003)). The separation of Section 61-9-5 into a different section does not change the effect or applicability of the statutory provision, especially when the legislative history of the statute reveals the legislature intended for Sections 61-9-1 through -9 to be one cohesive act.

¶18. Jackson contends that were Section 61-9-5 to apply irrespective of the procedure in Sections 61-9-1 and -3, then the legislature would have stated that Section 61-9-5 applies "notwithstanding earlier provisions on the same chapter or section." But "[t]he function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citing *Russell v. State*, 231 Miss. 176, 94 So. 2d 916, 917 (Miss. 1957)). The procedures of Sections 61-9-1 and -3 can be used irrespective of Section 61-9-5 to establish an airport. As

a matter of fact, that is what Jackson has done. Jackson is now attempting to enlarge the airport, not to incorporate a separate airport. By its very definition, such an extension into Rankin County is clearly prohibited without approval of the Rankin County Board of Supervisors. Jackson is arguing that despite the unambiguous prohibition in Section 61-9-5, this Court should allow it to further enlarge its island of land in Rankin County. Jackson's argument is without merit.

¶19. Jackson relies on *Jackson Municipal Airport Authority v. State ex rel. Shivers* to support its argument that it was not required to comply with Section 61-9-5 to incorporate additional airport property. *Jackson Mun. Airport Auth. v. State ex rel. Shivers*, 196 So. 2d 884, 885 (Miss. 1967). But *Jackson Municipal Airport Authority* does not discuss Section 61-9-5. Instead, it briefly summarizes the procedures a municipality must take to incorporate an airport or air navigational facility pursuant to Sections 61-9-1 and -3; then, it addresses the issue of whether alcoholic beverages could be sold in the airport when the sale of alcohol was prohibited in Rankin County. *Id.* at 885-86. Jackson argues that this case does not mention the consent requirements contained in Section 61-9-5 because such requirements "do not apply to the incorporation of an airport or air navigational facility Jackson owns."

¶20. Jackson's argument is incorrect. *Jackson Municipal Airport Authority* does not involve annexation or incorporation of property in Rankin County. *Id.* Accordingly, this Court had no reason to discuss the requirements that would be placed on Jackson if it attempted to further annex airport property in Rankin County. The absence of a discussion of the requirements enumerated in Section 61-9-5 has no legal significance because such

10

requirements did not pertain to the issues of that case. *Id.*

¶21. Pearl, Flowood and Rankin County cite three cases in which this Court has referenced Section 61-9-5 and its prior codifications. In *City of Jackson v. City of Ridgeland (In re Boundaries of Jackson)*, the Court noted that Section 61-9-5 prohibits Jackson from annexing territory in Rankin County without unanimous consent from the Rankin County Board of Supervisors. *City of Jackson v. City of Ridgeland (In re Boundaries of Jackson)*, 551 So. 2d 861, 862 (Miss. 1989). In *City of Jackson v. Petitioners for Incorporation of Richland*, the Court noted that Section 61-9-5 "makes it impossible for Jackson to annex the area without the consent and approval of the Rankin County Board of Supervisors which has by resolution expressed its opposition to expansion of Jackson into the subject area." *City of Jackson v. Petitioners for Incorporation of Richland*, 318 So. 2d 843, 847 (Miss. 1975). In another case relied on by Pearl, Flowood and Rankin County, *Boling v. City of Jackson (In re Pearl)*, the Court referenced a prior version of Senate Bill 1995 stating that "the City of Jackson is prohibited by law from annexing the Pearl area except with the consent of the Board of Supervisors of Rankin County." *Boling v. City of Jackson (In re Pearl)*, 279 So. 2d 590, 593 (Miss. 1973).[8]

¶22. Jackson correctly points out that none of the cases cited by Pearl, Flowood and Rankin County involve airport properties. The Court's previous applications of Section 61-9-5 and its prior codifications are arguably erroneous because the general annexation laws would have been the applicable law in those cases. Section 61-9-5 is clearly limited to properties incorporated under Sections 61-9-1 to -9. Nevertheless, the caselaw supports the finding that

---

[8]The Court references "Mississippi Code 1942 Annotated section 7545-74 (Supp. 1972)," which was a prior codification of Section 61-9-5. *In re Pearl*, 279 So. 2d at 593.

11

Section 61-9-5 prohibits Jackson from further extending the airport boundaries into Rankin County. But this Court clarifies that approval from the Rankin County Board of Supervisors is only required for expansions of the airport property established pursuant to Sections 61-9-1 to -9.

¶23. The legislature created the statutory mechanism that Jackson utilized in 1964 to incorporate airport property that it owned into its municipality without the consent of Rankin County, despite the fact that the land was located in a different county and was not contiguous to the municipal boundaries. Included in this process the legislature enacted Section 61-9-5, which prohibits Jackson from further extending the boundaries of the airport into Rankin County without compliance with "all existing laws of this state governing or relating to the extension of corporate boundaries" and without obtaining consent and approval from the Rankin County Board of Supervisors. § 61-9-5. Jackson's failure to satisfy the requirements of Section 61-9-5 required the trial court to find the ordinance void, so we affirm.

<h2 style="text-align:center">CONCLUSION</h2>

¶24. Because the ordinance is void, the judgment of the Hinds County Circuit Court is affirmed.

¶25. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**