ROBERTSON, Justice:
Two-thirds of the inhabitants of the unincorporated territory one-half mile east of the northeast corporate limits of the City of Meridian, Mississippi, petitioned the Chancery Court of Lauderdale County to create a municipal corporation to be known as the Town of Marion.
The petition was drawn up and filed in accord with the provisions of Section 3374-03, Mississippi Code of 1942 Annotated (1956), and set forth the eight requirements of that section. The City of Meridian was made a party defendant in accordance with Section 3374-04, which requires that if any of the territory proposed to be incorporated is within 3 miles of the boundaries of an existing municipality, then that municipality shall be made a party defendant. The City of Meridian filed a contest praying that the Petition to Incorporate be denied. After a full hearing, the Chancellor entered his decree finding, among other things, that the “proposed incorporation is reasonable and is required by the public convenience and necessity,” and decreed that the municipal corporation be created as prayed for in the amended Petition.
*907 We have carefully reviewed the evidence in this case and we are of the opinion that the Chancellor’s decision is supported by substantial evidence and is correct. It is clear to us that he did consider the effect the incorporation would have on the City of Meridian, but this was just one of the factors that he was required to consider. He also was required to consider the health and welfare of the inhabitants of this unincorporated community and whether incorporation would aid in constructing and maintaining a municipal water and sewer system, which the City of Meridian admitted was urgently needed.
We are sure that the Chancellor was influenced in his decision by the testimony of Meridian’s expert city planner, James A. Elliott, who testified with reference to when the City of Meridian might extend its corporate limits to this territory as follows :
“It would be probably at least fifteen years before they got up to the Marion area, as we have indicated on the plans, because it is in the outer limits of the growth area.”
Elliott also stated:
“I would rather doubt that within the next twenty years that Marion itself would be within the corporate limits of Meridian unless there was a substantial amount of industrial development that we are forecasting for this flood plain area.”
By this testimony the city of Meridian placed itself in the untenable position of offering no relief to the petitioners in a critical water and sewer situation, but still at the same time attempting to block the petitioners from furnishing these municipal services themselves.
We think that the Chancellor was justified by the evidence in finding that the proposed incorporation was reasonable and was required by the public convenience and necessity. The decree of the Chancery Court is, therefore, affirmed.
Affirmed.
RODGERS, P. J. and JONES, BRADY and INZER, JJ., concur.