280 So.2d 837 (1973)
In the Matter of the INCORPORATION OF FOREST HILL, a municipal corporation.
Wallace FIELDS et al.
v.
CITY OF JACKSON.
No. 47448.
Supreme Court of Mississippi.
June 25, 1973.
Rehearing Denied August 10, 1973.
Stennett, Wilkinson & Ward, James A. Peden, Jr., Jackson, for appellants.
John E. Stone, Watkins, Pyle, Ludlam, Winter & Stennis, William A. Pyle, Ernest G. Taylor, Jr., Jackson, for appellee.
PATTERSON, Justice:
An area approximately twelve square miles abutting the western boundary of the city of Jackson is the object of contention between the city and the community of Forest Hill. The appellants sought to incorporate this area into a municipality to be known as the City of Forest Hill. The City of Jackson, the appellee, sought to expand its limits by annexing the area to the city. After hearing many witnesses in the causes which had been consolidated for trial, examining exhibits, and the arguments of counsel, the Chancery Court of the First Judicial District of Hinds County dismissed the city's petition to annex the area as well as the petition to incorporate. From this decree the prospective incorporators appeal.
They contend the trial court erred in assuming jurisdiction of the annexation proceedings and consolidating them with those of incorporation, erred in not dismissing the annexation proceedings after it became apparent the city of Jackson had abandoned its intentions to annex the Forest Hill area and erred in finding the proposed incorporation of Forest Hill not to be reasonable. We affirm.
The argument directed to the action of the trial court in assuming jurisdiction of the annexation proceedings and consolidating them with the incorporation proceedings is that an undue burden was placed upon the would-be incorporators causing *838 them to not only prove the reasonableness of the incorporation pursuant to the statutory requirements [§ 3374-03 et seq., Miss. Code 1942 Ann. (1956)], but also burdened them with refuting the reasonableness of the city's annexation proceedings, thereby confusing the issue by combining causes of action which were the antithesis of each other. This argument, in our opinion, is technically well founded in view of what was stated by this Court in City of Jackson v. Whiting, 84 Miss. 164, 185, 186, 36 So. 611, 614 (1904), which was also an annexation versus incorporation case. There we stated:
It is our conclusion that in determining whether an ordinance extending the limits of a municipality be or be not reasonable, the action of the board of mayor and aldermen must be considered solely in the light of the conditions which confronted it at the time the ordinance was adopted, and the reasonableness or validity of the ordinance would in no wise be affected by any action which might be taken by others subsequent to its passage. So in the instant case the action of the board of mayor and aldermen of the city of Jackson must be judged from the point of view which they occupied at the time the ordinance extending the limits was adopted, and when the cause is submitted to a jury the testimony as to the reasonableness of the ordinance must be confined to the circumstances existing at the time of its enactment. If, therefore, on the 23d of July, 1903, when the ordinance was adopted, it did in fact only embrace "adjacent unincorporated territory" within legal contemplation, the fact that any part of the territory so embraced subsequently procured a charter of incorporation, though in a strictly legal manner, would in no wise affect or bear upon the question of the reasonableness of the proposed extension... . As bearing on this it is, of course, a question of vital and decisive importance whether or not at that date the citizens resident in the territory subsequently incorporated as the village of Duttoville had taken any legal initiatory step necessary to the incorporation which they subsequently obtained. If, as a matter of fact, it should appear that prior to the passage of the ordinance by the board of mayor and aldermen of the city of Jackson the inhabitants of Duttoville had already taken the initiatory step required by law . .. then the subsequent action of the board of mayor and aldermen could not deprive them of the rights which they had thus acquired under the terms of the law. If, on the contrary, it should appear that this action on the part of the citizens of Duttoville in posting the notices was subsequent to the adoption of the ordinance by the city of Jackson, then they gain nothing by such action, and their subsequent incorporation was ineffective, provided the jury should decide, without regard to this, that the ordinance was otherwise reasonable... .
This case appears to be in accord with the majority rule of the remainder of the states, a typical expression of the rule being found in City of Daytona Beach v. City of Port Orange, 165 So.2d 768, 771 (Fla.App. 1964), in this language:
The doctrine of "prior jurisdiction" also supports the decree appealed. Where two inconsistent petitions involving the same territory are pending, it is proper to decline to consider the later one until there is a disposition of the earlier one. It is held that where a petition for incorporation of territory into a new municipality was filed and pending before the institution of annexation proceedings involving the same territory, such annexation proceedings may not be taken until disposition of the proceedings seeking incorporation.
We conclude that the petition of the citizens of the community of Forest Hill to incorporate having been first filed should have been heard on the reasonableness *839 of the incorporation uncluttered by the annexation proceeding. The greater question, however, is whether the consolidation of the two causes constituted an error of such proportion that the cause should be reversed. Under the statutes appertaining to either incorporation or annexation the issue basic to each is whether it is reasonable and required by public convenience and necessity. Though in our opinion the petitions were improperly consolidated, nevertheless the trial court's opinion conclusively indicates that it was formulated from the evidence before it with the statutory issues clearly in mind. We therefore are of the opinion the consolidation, under the circumstances before us, was not prejudicial error.
While this case was in the course of trial, the appellee adopted an ordinance for the extension of the boundary of the city of Jackson northerly to the Madison County line. This ordinance made no mention of the previous ordinance relating to the extension of the city boundary into the Forest Hill area. It is contended that the later ordinance was so completely repugnant to the former that it effectively repealed the prior ordinance. This argument overlooks the fact that the annexation proceeding by the city for the Forest Hill area was dismissed, leaving the question of the validity or invalidity of the ordinance immaterial since there was no cross appeal. In this posture of the case we conclude this argument to be without merit.
The greater and overall question before the Court is whether the trial court was manifestly wrong in finding the evidence in support of the petition to incorporate to be unreasonable under the circumstances. As mentioned, there were numerous witnesses who testified on both sides of the issue. The trial court, whose duty it was to resolve the conflict, found the evidence of the prospective incorporators to be insufficient to meet the statutory requirement "... is reasonable and is required by the public convenience and necessity ..." [§ 3374-13, Miss.Code 1942 Ann. (1956)], and surely we cannot say it was manifestly wrong. See Rouse v. City of Pascagoula, 230 So.2d 543 (Miss. 1970). Compare the recent case of Incorporation of City of Pearl, Mississippi, Boling and Mohr v. City of Jackson, et al., Miss., 279 So.2d 590, decided June 5, 1973, wherein under an entirely different factual situation an opposite result was reached.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.