291 So.2d 190 (1974)
M.W. HAMILTON, Sr., et al., Contestants-Appellants,
v.
INCORPORATION OF PETAL, FORREST COUNTY, Mississippi, Petitioner-Appellee.
No. 47807.
Supreme Court of Mississippi.
March 4, 1974.
Rehearing Denied March 18, 1974.
*191 Dudley W. Conner, E.J. Currie, Jr., Hattiesburg, for contestants-appellant.
R.M. Sullivan, James K. Dukes, Hattiesburg, for petitioner-appellee.
PATTERSON, Justice:
The Chancery Court of Forrest County entered a decree on February 21, 1973, incorporating the City of Petal. M.W. Hamilton, Sr. and other citizens of the affected area seek to reverse this decision upon the premise that the court's discretion in establishing the boundaries of the incorporated area was preempted by a local and private bill authorizing the creation of the East Forrest Utility District and that the evidence did not support public necessity for the incorporation.
The area incorporated coincides with the exterior boundaries of the East Forrest Utility District. It embraces a tract of land of ten square miles which is primarily used for residential purposes by its populace of more than 8200 citizens. It is also true that on the perimeters of the tract there is timber, farm, pasture and overflow land from the Leaf River. These facts, however, cannot be considered in isolation from the remainder of the evidence which indicates that over the past twenty-five years the area has experienced a dramatic population increase. Between 1950 and 1960 it increased by 86% and from 1960 to 1970 there was an additional increase of 74% and there is every indication that this trend will continue.
Additionally, the new incorporation includes the site of Petal school which presently provides educational opportunities for approximately 2400 students. There are churches, civic clubs, 150 or more small businesses and several manufacturing plants within the area.
We are of the opinion the local and private bill of the legislature authorizing the creation of the East Forrest Utility District did not encroach upon or restrict the trial court's judicial discretion so that it was in any way prevented from decreasing the size of the incorporated territory if it were determined that public convenience and necessity dictated a smaller area. Section 6 of Senate Bill No. 1752 entitled "An Act providing for the incorporation of water, sewer, and fire protection districts in Forrest County, Mississippi, and prescribing the powers and duties of such districts," reads as follows:
... None of the territory lying within any such district shall be subject to annexation by any city, town, or village unless all the territory of such district be so annexed, in which event such city, town, or village shall assume the operation and maintenance of the facilities of such district and shall assume all obligations of such district with respect to the payment of any outstanding bonds of such district, and all other contractual obligations of such district.
This language does not lend support to the appellants' position. We notice that its terms refer to annexation rather than incorporation, a fundamental difference of some magnitude, namely, the privilege of self-government by incorporation or adoption of the existing government of an adjacent city by annexation. Assuming this to have been an annexation proceeding, there may have been validity to appellants' *192 contention, but since it is not, we conclude this point to be without merit.
Having determined that the chancellor's discretion was not impinged upon by Senate Bill No. 1752 we are faced with the overall question of whether the chancellor was manifestly wrong in finding that public convenience and necessity warranted incorporation. We note that the parties have stipulated that the citizens of the area would be convenienced by the incorporation, thus, narrowing our further remarks to the question of "public necessity." We agree with the appellants that the term "public necessity" must be defined with reasonable clarity so that evidentiary facts may be considered by a judge or jury in reaching a conclusion whether they are within or without the ambit of "public necessity."
In First National Bank v. Martin, 238 So.2d 856 (Miss. 1970), we used the following language in elucidation of the term "public necessity" for the creation of a bank:
... In Planters Bank v. Garrott [239 Miss. 248, 122 So.2d 256 (1960)] this Court adopted this definition of "necessity" as used in the statute, and said that "necessity" as so used, means "a substantial or obvious need justifying the chartering of a new bank in view of the disclosed relevant circumstances." (238 So.2d at 860).
We think that by analogy this definition would apply to a substantial or obvious need justifying the incorporation of a new municipality. The presently disclosed relevant circumstances, some of which were mentioned above, are more than sufficient to establish public necessity for incorporation, particularly when thought is directed to the present need for police and fire protection, public health and education, in a burgeoning area of our society. The evidence will not support an opinion by this Court that the chancellor was manifestly wrong in his finding of public necessity.
A careful review of the record amply justifies the incorporation of the City of Petal pursuant to the requirements of Mississippi Code 1942 Annotated section 3374-05 (1956) [now Mississippi Code Annotated section 21-1-17 (1972)]. Cf. Incorporation of Forest Hill v. Fields, 280 So.2d 837 (Miss. 1973), and the cases therein cited.
Affirmed.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur.