PRATHER, Presiding Justice,
for the Court:
I. INTRODUCTION AND STATEMENT OF THE CASE
At issue in this case is the proposed incorporation of a residential area located generally west of Hattiesburg, Mississippi, known as Oak Grove. On April 28, 1987, the City of Hattiesburg filed a petition in the Chancery Courts of Lamar County and Forrest County, Mississippi seeking to expand its corporate boundaries into areas located in said counties including the Oak Grove Area. In this suit, Oak Grove residents objected to annexation by Hattiesburg, asserting that no public convenience and necessity factors were present to warrant its annexation by Hattiesburg. The chancellor approved this petition for annexation by Hattiesburg in part, but he disallowed the annexation of around 20 acres of land in Lamar County, including Oak Grove. This Court affirmed the chancellor’s decision in Matter of Enlargement of Corporate Limits of City of Hattiesburg, 588 So.2d 814 (Miss.1991).
On June 12, 1987, during the pendency of the Hattiesburg annexation case, petitioners in favor of incorporating the City of Oak Grove filed in the Chancery Court of Lamar County a Petition for Incorporation of Oak Grove. Special Chancellor Mike Carr issued a ruling denying the petition for incorporation on grounds that the signature petitions were not properly filed, that the petition was legally insufficient, and that the proposed incorporation was not appropriate under the statutory considerations of public necessity and convenience as well as under considerations of reasonableness. Petitioners timely filed an appeal. This Court concludes that the chancellor’s rulings regarding the public necessity and convenience issues as well as the reasonableness issues are sup *1276 ported by substantial evidence and we accordingly affirm.
II. LEGAL ANALYSIS
A. Was the chancellor manifestly in error in not ruling that the public convenience and necessity justified said incorporation; that the municipal and public services which said City of Oak Grove proposed to render met the criteria in accordance with the laws of the State of Mississippi.
B. The chancellor was manifestly in error in not ruling that the incorporation was reasonable and that the interests of landowners in the area would be favorably improved, and the overall welfare of residents of the area would be favorably improved, and the other criteria for reasonableness had been met.
Miss.Code Ann. § 21-1-17 (1972) provides that “(I)f the chancellor finds from the evidence that the proposed incorporation is reasonable and is required by public convenience and necessity, then he shall enter a decree declaring such municipal corporations to be created as requested in such petition.” Thus, the petitioners were required to establish that the proposed incorporation was required by considerations of public convenience and necessity and that said incorporation is reasonable. On appeal, this Court must merely determine whether the chancellor’s findings in this regard were supported by substantial credible evidence and should only reverse if said findings are manifestly in error. This Court noted in City of Pascagoula v. Scheffler, 487 So.2d 196 (Miss.1986), that “(t)he Supreme Court cannot overturn the decree of a chancellor unless it finds with reasonable certainty that the decree is manifestly wrong on a question of law or interpretation of facts pertaining to legal questions.” Id. at 200 citing Enlargement of Boundaries of Yazoo City v. City of Yazoo City, 452 So.2d 837 (Miss.1984).
With regard to the issues of public convenience and necessity, this Court noted in Scheffler that:
To determine public convenience and necessity, this Court sets forth the following factors as some to be considered: the governmental services presently provided; the quality and adequacy of all services provided; the services expected from other sources, e.g. neighboring municipalities, water districts, county services, etc.; the impairment of an immediate right vested in an adjoining city; the substantial or obvious need justifying incorporation.
Scheffler, 487 So.2d at 200-01. (citations omitted).
It does not appear that the chancellor was in error in finding that considerations of public convenience and necessity did not support the proposed incorporation of Oak Grove, and it can certainly not be said that he was manifestly in error in so ruling. It is apparent that the efforts to incorporate this large, sparsely populated area of land west of Hat-tiesburg arose largely as a defensive measure against annexation by Hattiesburg rather than as a result of an affirmative desire or need to create a new municipality. Prior decisions by this Court indicate that incorpo-rations should be granted primarily in eases in which the citizens of the proposed area of incorporation area are suffering from a lack of services which would be improved by the proposed incorporation. See Hamilton v. Incorporation of Petal, Forrest County, 291 So.2d 190, 192 (Miss.1974); In re City of Pearl, .279 So.2d 590 (Miss.1973).
There is a time and a place for residents of an area threatened by annexation to argue that they should not be annexed into a given municipality annexation proceedings. This state’s law relating to annexation provides for a consideration of the needs of the area proposed to be annexed in determining whether or not the annexation should be granted. The citizens of Oak Grove who opposed annexation by Hattiesburg successfully exercised their right to object to annexation in Hattiesburg, but they did so by setting forth arguments and facts which are inconsistent with and which militate against the granting of the incorporation which many of the same residents now seek. In Hatties-burg, this Court affirmed numerous findings by Judge Sebe Dale which indicate that the citizens of Oak Grove had adequate public services in most areas:
*1277 Oak Grove and Lamar County presented evidence showing that there were no potential health hazards in the Lamar County proposed annexation area and if there were, they were of the type commonly found in any area where people lived. The objectors stressed that the high concentration of fecal eoliform was found in Forrest County, not Lamar County.
The chancellor stated that (Hattiesburg) did not convincingly present a need for zoning and overall planning in the Lamar County area.... Oak Grove and Lamar County asserted that while Lamar County did not have the same type of zoning and planning as Hattiesburg, the zoning and planning it had was adequate, and that Lamar County has a network for planning and guiding growth.
Hattiesburg asserts that the area is in need of municipal services and capital improvements. The testimony of various Lamar County residents and experts at trial and many affidavits submitted after the trial supported Lamar County’s claim that the residents were satisfied with the services they had and that such services were adequate for the area. The chancellor held that, with the exception of better fire protection, the area proposed to be annexed had adequate services. Because we find no manifest error in the chancellor’s findings, we affirm his findings.
Many Lamar County residents testified, however, that they were satisfied with the protection provided by the sheriffs department and that the area was not urban and had a very low crime rate.
Residents in the proposed Lamar County annexation expressed no desire to have more frequent garbage pick-up and no one presented any evidence to show that the garbage collection in the area was inadequate.
The chancellor found that the streets and roads in the area were adequate and that the maintenance provided by the County was sufficient. That finding is supported by substantial and credible evidence. All witnesses testified that the roads were in good shape.
The majority of the residents of the Lamar County area had no desire to be part of the city of Hattiesburg and wanted to maintain their quasi-rural lifestyle. The chancellor noted that large areas of territory in the proposed Lamar County annexation area were devoted to farming and that the prospects for substantial change in that situation appeared dim. He also found that incorporation of the Lamar County area would effect serious and substantial detriment to the landowners, especially the farmers. The chancellor stated that the residents of Lamar County were outside the city by choice and found that the residents had all the services they deemed necessary and that these services, with the exception of fire protection, seemed adequate. He concluded that ... the scales were heavily weighted in favor of those who opposed annexation.
Hattiesburg, 588 So.2d at 828-26.
Thus, this Court affirmed Judge Dale’s findings in Hattiesburg that a large part of the areas sought to be incorporated had adequate services in important areas.
The aforementioned findings affirmed by this Court in Hattiesburg are not part of the record in the present case, and said findings relate to only around one-half of the proposed area of incorporation in the present ease. However, it would certainly be inconsistent for this Court to hold the chancellor in the present case to be manifestly in error in making a ruling which is entirely consistent with the findings affirmed by this Court in Hattiesburg a few years ago. The inconsistency of the testimony and arguments presented to this Court regarding the needs of the citizenry of Oak Grove, depending on the nature of the proceedings involved, is too much to ignore.
There was a great deal of testimony regarding the public convenience/necessity and reasonableness issues in the present case. Not surprisingly, considering the relatively short amount of time involved between the two cases, the chancellor reached the same conclusion as that reached by Judge Dale in the annexation case, noting in his ruling that:
The present area sought to be incorporated by the petitioners has sufficient services *1278 at its disposal, no obvious or urgent needs of people satisfied with their way of life and the services provided by Lamar County water and sewage association and voluntary fire departments to meet their needs. Judge Dale and the Supreme Court found these things true of the approximate one-half of the area sought to be incorporated, and this Court finds the same to be true not only of this one-half, but of the entire 40 square mile tract.
The record more than adequately supports the chancellor’s finding that considerations of public convenience and necessity do not favor the proposed incorporation of Oak Grove. With regard to police protection, Lee Parker, testified that:
Q: Is the county doing an adequate job in providing law enforcement at the present time in this proposed area?
A: In the proposed area, yes. The county, almost every time we ask the county to respond, they responded very positively for us.
The petitioners cited a lack of adequate traffic control as a primary area of need, but the evidence showed that traffic was only a real problem around the Oak Grove School Area. John Cole testified that:
Q: Did I understand you to say that traffic problems, traffic control is the number one need in the area?
A: Yes, Sir.
Q: And that’s in the entire 40 square mile area, that need is only pressing around the school; is that what you’re telling us?
A: Yes, Sir.
A lack of adequate sewage systems was also cited by the petitioners, but the petitioners presented no plan to improve said systems, and it appears likely that an incorporation of Oak Grove would actually worsen the sewage situation for certain residents. John Morris, who lives along Highway 98, testified as to his concern that incorporation would cut off the availability of sewage service from Hat-tiesburg to his property, and it thus appears that some of the residents of the area would be adversely affected by the proposed incorporation.
This Court in Hattiesburg noted that the only area in which Oak Grove needed additional services was fire service, but the petitioners had no written agreement to provide municipal-level fire services in this area. Also, Joe Shoemaker of the Mississippi State Rating Bureau testified that the fire ratings of Oak Grove had shown recent improvement, with the exception of the Wal-mart area, where fire service was inadequate. However, Wal-mart, along with several nearby businesses, objects to inclusion in the proposed incorporation area, believing that it would be better served by a future annexation by Hattiesburg, which it considers better able to meet its water and fire service needs.
Thus, it appears that the proposed incorporation would actually hinder the needs of many of the landowners with regard to the issue of fire protection. Moreover, it does not bode well for the tax base of the proposed Oak Grove that important businesses have concluded that they would be better served by not being included in any incorporation of Oak Grove. A municipality needs businesses to thrive, and the opposition of Wal-mart and the other businesses in question to inclusion in the proposed Oak Grove raises further doubts regarding the viability of the proposed incorporation.
Considering the size and population density of the proposed area of incorporation, it is almost inconceivable that the proposed municipality would be able to provide municipal level services to the area in question. The petitioners instead appear to envision an arrangement wherein they are given the status of municipality for the purposes of hindering annexation, but where they otherwise continue to live their “quasi-rural” lifestyle. Assuming that the area does have some aspects in which public services could be improved (as virtually all areas do), the proper course of action would likely be to negotiate for increased services from the county board of supervisors rather than seek incorporation. This Court concludes that the chancellor’s finding that the proposed incorporation was not required by considerations of public convenience and necessity is supported by sub *1279 stantial evidence and was not manifestly in error.
Having affirmed the Chancellor’s ruling regarding public convenience and necessity, it is unnecessary for this Court to deal in any detail with the chancellor’s ruling regarding reasonableness. However, this Court similarly concludes that the chancellor was not manifestly in error in finding the proposed incorporation to be unreasonable. This Court in Scheffler noted a number of factors to be considered in determining whether a proposed incorporation was “reasonable”:
[W]hether the proposed area has definite characteristics of a village; whether the residents of the proposed area for incorporation have taken initial steps toward incorporation and whether a nearby city has initiated preliminary proceedings toward annexation; whether there has been any financial commitments toward incorporation or annexation proceedings; whether a neighboring city has the prerogative to contest incorporation, although consent of nearby city not required under Miss.Code Ann. § 21-1-17 (1972); whether incorporation effects an existing city within three miles, whether population of area shows an increase and continuity of settlement; whether a community has a separate identity, whether natural geographical boundaries separate an area from other municipalities; whether transportation is affected; whether incorporation will affect the interest of landowners in the affected area, whether cost of operating the municipality is prohibitive, whether an estimated tax base of proposed area will support incorporation, whether the overall welfare of residents of affected area is improved by incorporation.
Id. at 201-02.
The most striking area in which the proposed incorporation was shown to be unreasonable relates to the land area and population density of the proposed municipality. Hattiesburg notes that the proposed Oak Grove would have the lowest population density of any new city ever incorporated in Mississippi. The chancellor noted in his findings of fact that: “(T)he land mass of 40 square miles for a neophyte city nearly shocks the conscience of this Court. In comparing the proposed Oak Grove to other new municipalities in this state, none of the new municipalities came close to the land mass of 40 square miles.” This evidence clearly illustrates that the proposed Oak Grove does not have the definite characteristics of a village so much as of an area of rural county land which is labeled a municipality.
Considerations of the area and population densities of proposed areas of incorporation have figured prominently in decisions in certain incorporation cases. In City of Jackson v. Petitioners for Incorporation of City Of Richland, 318 So.2d 843 (Miss.1975), this Court noted that:
The subject area is approximately 6,000 acres, having a population of 3,262 people.... Although the area of proposed incorporation is somewhat large for the number of residents, there was expert testimony to the effect that vacant land within the corporate boundaries was necessary for the future development of the area, and that the incorporation was reasonable.
Richland, 318 So.2d at 845-46.
The issues relating to size and population density permeate many of the other considerations relating to reasonableness as well as the previously discussed conditions relating to public convenience and necessity. The chancellor found that the cost of operating the proposed Oak Grove would be prohibitive and this conclusion is difficult to dispute. A population of around ten thousand citizens spread out over 40 square miles would present enormous logistical problems for a municipality with the small tax base of the proposed Oak Grove.
In the view of this Court, the size and population density of the area alone makes the proposed incorporation unreasonable, and it certainly serves as “substantial evidence” supporting the chancellor’s decision. This Court concludes that the chancellor’s finding that the proposed incorporation is unreasonable is supported by substantial evidence.
*1280 C. The chancellor incorporated into his decree date January 11, 1995, his opinion dated November 17, 1994. On pages 20 through 24 of the November 17,1994 opinion he ruled that one of his options would be to narrow down the area of incorporation, and were it not for the difficulties this court would have to encounter, he would do just that. The chancellor was manifestly error in not exercising his duty to take additional testimony, and if necessary have plaintiffs secure new signatures, and then re-draw the lines of such city and incorporate it, rather than just dismissing the petition, which had been denied a hearing for three and one-half years by the actions of Hattiesburg.
The chancellor noted in his ruling that he thought that a much more limited area of incorporation might be reasonable, and that he might exercise his discretion to “narrow down the area of incorporation,” but for the “difficulties” which prevented him from doing so. The chancellor noted that the petitions on which the suit were based were over seven years old and that he could not be sure whether those in a smaller area supported the smaller incorporation or not. The chancellor further noted in his ruling that he had requested that the petitioners submit proposals for smaller areas of incorporation on several occasions during the trial but that they failed to do so.
The petitioners now appear to realize that their proposal was in fact too large to be viable as a municipality, and they assert that the chancellor abused his discretion in failing to narrow down the incorporation area. However, as discussed earlier, the testimony at trial was more than sufficient to indicate that there was no real public necessity to incorporate Oak Grove even assuming that a reasonable, smaller municipality could be carved out of the petitioners’ unreasonable proposal. The fact that the petitioners failed to present a proposal for a viable municipality further strengthens the chancellor’s conclusion that he should not attempt to carve a smaller municipality out of the proposed Oak Grove. The chancellor’s reasons for not “narrowing down” the proposed area of incorporation are sound, and he can not be said to have abused his discretion in refusing to do so. This point of error is without merit and is overruled.
Therefore, this Court concludes that the chancellor’s ruling in denying the proposed incorporation of Oak Grove and in refusing to narrow down the proposed incorporation area was not manifestly in error and/or an abuse or discretion and said ruling is accordingly affirmed. This Court deems it unnecessary to consider the issues relating to the sufficiency of the petition based on the aforementioned holding.
III. ISSUE OF THE LAMAR COUNTY SCHOOL DISTRICT
The trial court erred in failing to consider the impact of incorporation of the Lamar County School District in determining the reasonableness of incorporation and in not finding that incorporation was reasonable based thereon when considered with other factors.
The Lamar County School District has joined in the present appeal based upon the notion that an affirmance of the denial of the incorporation of Oak Grove by this Court will lead to a future annexation of this area by Hattiesburg. The School District is concerned about such an annexation in light of the Dupree v. Moore, 831 F.Supp. 1310 (S.D.Miss.1993) (Dupree II) decision, which would likely cause any annexed areas in Oak Grove to become part of Hattiesburg’s school district. The school district misses the basic point, however, that the present ease is not an annexation case at all. The proper forum to argue about the adverse effect annexation would have on their school district is in an annexation case, when and if Hattiesburg attempts once again to annex this area. Accordingly, this assignment of error is without merit and is overruled.
JUDGMENT IS AFFIRMED.
DAN LEE, C.J., SULLIVAN, P.J., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
PITTMAN, J., not participating.