# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-01286-SCT

*CITY OF GULFPORT, MISSISSIPPI*

*v.*

*COWAN ROAD & HWY 90, LLC, AND PRIORITYONE BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/2020 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | JUSTIN DAVID KOPF |
| | JOE SAM OWEN |
| | SAMUEL STEVEN McHARD |
| | WILLIAM J. LITTLE, JR. |
| | DANIEL THORNTON SEAWELL |
| | KAARA LENA LIND |
| | JEFFREY S. BRUNI |
| | WILLIAM E. WHITFIELD, III |
| | DEREK ANDREW HENDERSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM E. WHITFIELD, III |
| | JEFFREY S. BRUNI |
| | KAARA LENA LIND |
| ATTORNEYS FOR APPELLEES: | JOE SAM OWEN |
| | DEREK ANDREW HENDERSON |
| NATURE OF THE CASE: | REAL PROPERTY |
| DISPOSITION: | ON DIRECT APPEAL: AFFIRMED. ON CROSS APPEAL: AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 06/16/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

**FACTS AND PROCEDURAL HISTORY**

¶1.     Hurricane Katrina made landfall along the Mississippi Gulf Coast on August 29, 2005, and caused extensive destruction to public utilities, including at U.S. Highway 90, which fronts the beaches of the City of Gulfport. The City's water and sewer systems were significantly damaged and had to be replaced. In 2008, the City undertook a project to replace the infrastructure associated with its water and sewer systems. Some of the repairs were within a block or so north of U.S. Highway 90 from the City's western municipal limits to its eastern borders. The repair project involved federal, state, and local agencies and ultimately cost approximately $85 million to complete.

¶2.     The project was divided into several different areas (identified and referred to as Area 1, Area 2, Area 3A, Area 3B, Area 3C, and Area 3D). The geographic zones were each bid separately for utility construction work to occur within them. The area roughly east of Hewes Avenue and west of DeBuys Road with U.S. Highway 90 on the south was designated as Area 3B. The original design of the Area 3B project, the sewer infrastructure, *e.g.*, pipes and manholes, that crossed the Cowan Road property located north of U.S. Highway 90 and east of Highway 605 were to be replaced, and the new infrastructure was to be installed within the City's existing easements across the properties. The Cowan Road property at issue was located in the Area 3B geographic zone.

¶3.     Sometime after the construction project commenced in Area 3B in 2008, Robert "Kris" Riemann, P.E., then-director of the City's department of public works, was notified that John Felsher had inquired about relocating the sewer infrastructure in Area 3B in the

area between Highway 605, or Cowan Road, on the west and Allan Drive on the east. Felsher owned an adjacent parcel of land, and he and Michael Long, the owner of Cowan Road & Hwy 90, LLC, entered into a participation agreement to aid in the marketability of their adjoining properties. Felsher's request that the City relocate the existing sewer easement was based on the above-referenced participation agreement. In early April 2008, Riemann forwarded the contact information of Felsher to Kelly Heitstuman, the senior project manager assigned the project by Yates Construction. Heitstuman thereafter met with Felsher on the properties in question, including the one that is the subject of the present case.

¶4. Based on the agreement with Felsher to relocate the utilities, the City had the Area 3B design drawings redrafted to incorporate the agreement to move the utilities. On June 20, 2008, the contractor informed Heitstuman that the discovery of underground telephone lines and other utilities required that the sewer line being relocated along the northern parts of the properties had to be angled to the southwest instead of running perpendicular to the northern border of Cowan Road, *i.e.*, it had to cut the northwest corner of the property. That northwest corner is the .616 acres at issue.

¶5. On April 29, 2011, Cowan Road filed a complaint in the Chancery Court of Harrison County, Mississippi, advancing a claim for inverse condemnation against the City. The chancery court transferred the case to the Special Court of Eminent Domain-County Court in Harrison County. Due to the jurisdictional limits of county court, the case ended up in Harrison County Circuit Court.

3

¶6. On July 10, 2018, the circuit court entered an order granting the motion for partial summary judgment filed by the City on the issue of the date of the taking. A factual finding established the date of taking was in the latter part of the 2008 calendar year. The date was important for the purposes of evaluating any potential damages to which Cowan Road and/or PriorityOne Bank, which held the deed of trust on the Cowan Road property, were entitled under the reverse condemnation action.

¶7. The parties eventually settled the reverse condemnation claim, and the City agreed to pay $100,000 to Cowan Road & Hwy 90, LLC, for the improper and unlawful taking of its property. As part of the settlement, the parties agreed to reserve all claims, rights and defenses on the issue of fees and expenses under Mississippi Code Section 43-37-9.

¶8. On January 3, 2019 the trial court ruled on the motion for partial summary judgment filed by the City on the issue of attorneys' fees, finding that the Cowan Road property was part of the Area 3B Project. The court determined that Section 43-37-9 applied and authorized an award of attorneys' fees.

¶9. On March 8, 2019, Cowan Road filed its application for an award of attorneys' fees and expenses, seeking legal fees and expenses in the total amount of $371,097.37. Of that amount, $321,800 represented the attorneys' fees of the law firm of Owen Galloway & Myers, PLLC, where the attorneys were paid at a rate of $400 per hour. Appraisal and engineering fees were $30,426.37, and other costs amounted to $18,871 ($49,297.37 total). The breakdown of costs was presented in exhibits attached to the application, some of which were provided to the trial court for in camera inspection.

4

¶10.    The trial court entered an order for attorneys' fees on May 22, 2020.  Regarding the attorneys' fees and expenses of Owen Galloway and Myers, PLLC, the trial court found that the hourly rate requested by Owen of $400/hour was excessive and that the hourly rate of $300/hour would be more appropriate.  The trial court further reduced the total amount by the agreement for the time billed for mediation.  The trial court then awarded $234,750 in attorneys' fees to Owen Galloway & Myers, PLLC.  The trial court removed any fees and costs associated with the mediation, reducing the award of expenses and fees to $47,355.71.  PriorityOne was awarded $81,005.00 in attorneys' fees and $6,537.03 in related expenses, for a total amount of $87,542.03.

## DISCUSSION

**I.    Whether Cowan Road & Hwy 90, LLC and PriorityOne Bank are entitled to recover attorneys' fees and expenses from the City of Gulfport under Mississippi Code Section 43-37-9.**

¶11.    Gulfport argues that Cowan Road and POB should not have been allowed to recover attorneys' fees under Section 43-37-9.  Mississippi Code Section 43-37-9 states in its entirety:

> Where an inverse condemnation proceeding is instituted by the owner of any right, title or interest in real property because of use of his property in any program or project in which federal and/or federal-aid funds are used, the court, rendering a judgment for the plaintiff in such proceeding and awarding compensation for the taking of property, or the state's attorney effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will, in the opinion of the court or the state's attorney, reimburse such plaintiff for his reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of such proceeding.

5

Miss. Code Ann. § 43-37-9 (Rev. 2021).

¶12.    For attorneys' fees to be allowed by the statute, Cowan Road's property must have been used in a project funded by federal money.  The question was whether the Cowan Road property at issue in the inverse condemnation claim was part of the Area 3B project.  The circuit court made a factual finding on the issue, concluding that the property was used in the Area 3B project, which used federal funds.  The Mississippi Supreme Court has stated that it "cannot overturn the decree of a chancellor unless it finds with reasonable certainty that the decree is manifestly wrong on a question of law or interpretation of facts pertaining to legal questions." *Palmer v. City of Hattiesburg (In re Incorporation of City of Oak Grove)*, 684 So. 2d 1274, 1276 (Miss. 1996) (internal quotation mark omitted) (quoting *City of Pascagoula v. Scheffler*, 487 So. 2d 196, 200 (Miss. 1986)) .  Further, "a circuit judge sitting without a jury is accorded the same deference with regard to . . . factual findings as is a chancellor." *Kight v. Sheppard Bldg. Supply, Inc.*, 537 So. 2d 1355, 1358 (Miss. 1989) (citing *Hardy v. First Nat'l Bank of Vicksburg*, 505 So. 2d 1021, 1023 (Miss. 1987)).  Because the circuit court made a factual finding while sitting without a jury, the issue is subject to a manifest error standard of review. *Id.*

¶13.    The Area 3B project was intended to replace sewer lines in the City after hurricane Katrina.  The Area 3B project was funded by money from FEMA.  The City advances arguments that we find unpersuasive.  The first is that the .616 acres of property at issue here was never part of the Area 3B project.  The City contends that the project was intended to replace the sewer lines by way of utilizing *existing sewer easments*.  The City argues that

6

since the sewer lines placed across the Cowan Road property were not placed back in the existing easements but across the northern part of the property, they were not part of the project funded by FEMA. FEMA funds did not pay the extra expense for the relocation of the sewer lines to the top of the property. The City was sent a bill for the difference in cost to relocate the sewer from the existing easement to the northern edge of the property. Regardless, the sewer laid across the Cowan Road property was part of a much larger project that was financed mostly by federal money and, had the lines not been moved, FEMA money would have paid all of the costs. While the City added some money to cover the cost of moving the lines, which was to be reimbursed, without question, federal money was used to fund the lion's share of the project.

¶14. The relevant statutory language is "use of his property in any program or project in which federal and/or federal-aid funds are used[.]" Miss. Code. Ann. § 43-37-9. There is no requirement that the exact dollars that funded the project be traced, only that the property was used in a project funded by federal money. That is exactly the case here. It is undisputed that FEMA funds paid for the majority of the project and, regardless of whether or not the sewer line was relocated outside the existing easement, the Cowan Road property was part of the Area 3B Project. The sewer line connected to a lift station that was wholly funded by FEMA, and the project as a whole was funded by FEMA and HUD. The case at bar is similar to *State ex rel. Hosemann v. Murphy*, 202 So. 3d 1243 (Miss. 2016). In *Murphy*, the Court gave a broad interpretation to Section 43-37-9. *Id.* at 1264 (¶ 54). The state of Mississippi argued something similar to what the City argues here:

that Section 43-37-9 d[id] not authorize an award of attorneys' fees or expenses in t[heir] case because the Murphys presented no evidence that the State had used the property in question in any program or project. The State also argue[d] that it did not receive federal or federal-aid funds for the construction of the New Seawall or the harbor.

*Id.* (¶ 53).  We held that the statute's plain language

does not limit the source of recovery to the party who actually used the property or received federal funds, as the State suggests, but broadly orders the trial court to award reasonable expenses in any case in which private property is being used "in any program or project in which federal and/or federal-aid funds are used."

*Id.*  There is nothing manifestly wrong with the circuit court's conclusion that the Cowan Road property at issue here was part of the Area 3B project.

¶15.   Section 43-37-9 allows "the owner of any right, title or interest in real property" reasonable attorneys' fees.  Miss. Code. Ann. § 43-37-9.  The property at issue belonged to Cowan Road, so it is clearly entitled to attorneys' fees.  PriorityOne Bank held the deed of trust to the property.  Therefore, it is the owner of a right, title, or interest in real property and is also entitled to reasonable attorneys' fees.

¶16.   Thus, the trial court correctly found that the Cowan Road property fell within the purview of Section 43-37-9 and that Cowan Road and PriorityOne Bank were entitled to reasonable fees and costs.

> **II.    Whether the attorneys' fees, expenses, and costs incurred were related to the case or were reasonable.**
>
> **III.    Whether the trial court erred by reducing the attorneys' fees from $321,800 based on an hourly rate of $400 to $234,750 based on an hourly rate of $300.**

8

¶17. We address Issues II and III together. Cowan Road and PriorityOne raised Issue III on cross-appeal.

¶18. The trial court's decision on whether to award attorneys' fees, the reasonableness of the attorneys' fees, and the amount awarded is subject to an abuse of discretion standard of review. *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 478 (¶ 7) (Miss. 2002). "The fixing of reasonable attorneys' fees is a matter ordinarily within the sound discretion of the trial court . . . ." *Gilchrist Tractor Co. v. Stribling*, 192 So. 2d 409, 418 (Miss. 1966). "[A] trial court's decision regarding attorneys' fees will not be disturbed by an appellate court unless it is manifestly wrong." *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (¶ 81) (Miss. 2007) (citing *Mabus v. Mabus*, 910 So. 2d 486, 488 (¶ 7) (Miss. 2005)). "Manifest means 'unmistakable, clear, plain, or indisputable.'" *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 304 So. 3d 606, 608 (¶ 7) (Miss. 2020) (quoting *Tupelo Redevelopment Agency*, 972 So. 2d at 521 (¶ 81)). Further, "the Legislature gives additional guidance to courts in determining the reasonableness of attorney's fees by instructing the court to 'make the award based on the information already before it and the court's own opinion based on experience and observation . . . .'" *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 270 (¶ 32) (Miss. 1999) (quoting Miss. Code Ann. § 9-1-41 (1991)).

¶19. One method of calculating reasonable attorneys' fees, the lodestar method, was adopted by the Supreme Court of the United States in *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The factors considered under the lodestar method include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion

9

of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

¶20.    Rule 1.5 of the Mississippi Rules of Professional Conduct sets out the factors considered in Mississippi. They closely track the factors from *Hensley* and include the following:

(1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)    whether the fee is fixed or contingent.

Miss. R. of Pro. Conduct 1.5.

¶21. The trial court considered the factors in its order for attorneys' fees on May 21, 2020. Regarding the award of attorneys' fees to Cowan Road, the circuit court found: "The affidavits and pleadings support Owen and his firm's experience and reputation as litigators. However, this Court does agree that the hourly rate requested by Owen in this matter is excessive . . . ." The court cut Owen's hourly rate from $400/hour down to $300/hour and awarded Cowen Road $234,750 in attorneys' fees, and $47,355.71 in related expenses, for a total award of $282,105.71.

¶22. Regarding PriorityOne's award of attorneys' fees, the court stated:

> This case required substantial time and effort, presented complex and technical issues of fact, and demanded a high level of skill of the attorneys prosecuting it. This case required a substantial devotion of time prior to and after the hearings and the trial, which crowded out other work and clients. The hourly rate is on par with rates charged by other attorneys, especially when the litigation involves a governmental entity. PriorityOne's attorney's experience, reputation, and abilities amply justify his hourly rate. PriorityOne's attorney charged a fixed hourly fee.

The court found some time billed by Henderson was duplicative of Owen's and awarded PriorityOne $81,005 in attorneys' fees, and $6,537.03 in related expenses, for a total award of $87,542.03.

¶23. It is important to bear in mind that the attorneys' fees accumulated over a period of nearly a decade. While the $300 hourly rate the court allowed is higher than some customarily charged rates on the Mississippi Gulf Coast for involvement with government entities, it is certainly not egregiously so. Owen also billed by the quarter hour instead of by tenths of an hour, which the City argues is unreasonable. However, billing by the quarter hour is neither uncommon nor unreasonable. Owen's bills were detailed as evidenced by the

11

submitted exhibits. Owen also submits in his brief that his rate of $400 an hour was intended as an umbrella rate to cover all work done by him, his associate attorneys, and his paralegal.

¶24. The trial court has the discretion to reduce the hourly rate of attorneys' fees if it believes it to be required. *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). With regards to the reduction in hourly rate, a 10 percent reduction in the hourly rate was used to remedy a failure to keep time by the attorney in *Mauck*, 741 So. 2d at 270 (¶ 33). Owen's records of his billing are detailed, though his rate was high, and he billed by the quarter hour. Thus, the reduction in Owen's rate here amply remedies any sort of billing discrepancies or the hourly rate being higher than customary. It was completely within the trial court's discretion to both award the attorneys' fees and also reduce his hourly rate, resulting in a lower awarded amount. Therefore, the trial court did not abuse that discretion by finding the fees awarded to Cowen Road and PriorityOne were reasonable or by reducing Owen's hourly rate.

### IV. Whether the trial court erred by denying the Motion for Award of Interest for Final Judgment Interest on the Attorney's Fees and Expenses Awarded.

¶25. The trial court denied Cowan Road and PriorityOne both prejudgment and postjudgment interest on their award of attorneys' fees. "A trial court's grant or denial of a request for prejudgment interest is reviewed for abuse of discretion." *Indem. Ins. Co. of N. Am. v. Guidant Mut. Ins. Co.*, 99 So. 3d 142, 156 (¶ 39) (Miss. 2012) (citing *Aetna Cas. & Sur. Co. v. Doleac Elec. Co., Inc.*, 471 So. 2d 325, 331 (Miss. 1985)). That discretion flows from Section 77-17-7 of the Mississippi Code. *Id.* Cowan Road and PriorityOne both argue

12

that the trial court abused its discretion by not awarding prejudgment interest on the award

of attorneys' fees under Section 75-17-7. Mississippi Code Section 75-17-7 states:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

Miss. Code Ann. § 75-17-7 (Rev. 2016).

¶26. Section 75-17-7 "does not *require* judges to award prejudgment interest, but *allows*

the judge to determine the date from which interest will be calculated. The judge may

determine that interest should be calculated only from the date of the judgment, rather than

before." ***Indem. Ins. Co.***, 99 So. 3d at 156 (¶ 39).

¶27. Regarding prejudgment interest:

> Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith. *No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment*. Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue. For prejudgment interest to be awarded, the party must make a proper demand for the interest . . . .

***Moeller v. Am. Guar. & Liab. Ins. Co.***, 812 So. 2d 953, 958 (¶ 11) (Miss. 2002) (emphasis

added) (quoting ***Preferred Risk Mut. Ins. Co. v. Johnson***, 730 So. 2d 574, 577 (Miss. 1998),

*overruled by* ***Upchurch Plumbing, Inc. v. Greenwood Utilities Comm'n***, 964 So. 2d 1100

(Miss. 2007)). However, "[e]ven a finding of all of the required factors does not make an

award of prejudgment interest mandatory." ***Indem. Ins. Co.***, 99 So. 3d at 158 (¶ 43).

13

¶28. Stated another way, prejudgment interest is not allowed unless the claim is liquidated. Liquidated damages are "damages that are set or determined by a contract when a breach occurs. 'Unliquidated' damages are '[d]amages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" *Moeller*, 812 So. 2d at 959–60 (¶ 18) (alteration in original) (citations omitted). We have held that claims are not liquidated and that interest has been disallowed when "there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefor." *Grace v. Lititz Mut. Ins. Co.*, 257 So. 2d 217, 225 (Miss. 1972). While it is true that we have held that amounts are liquidated when the party seeking reimbursement was billed, in the cases discussing the issue, the amounts were not in dispute. *See* **Indem. Ins. Co.**, 99 So. 3d at 158 (¶ 42); **Upchurch Plumbing, Inc.**, 964 So. 2d at 1118 (¶ 47); **Moeller**, 812 So. 2d at 960 (¶21).

¶29. Such is the case here. The amount had not been fixed prior to the award. The amount and award of attorneys' fees was disputed the entire time by all parties. Further, the amount was not fixed at the time of the award. The trial court's order awarding attorneys' fees was the judgment here, and that judgment fixed the amount. The amount of fees awarded was different from the amount sought by PriorityOne and Cowan Road. For the above reasons, the attorneys' fees were not liquidated, and the parties were not entitled to prejudgment interest. Thus, the trial court did not abuse its discretion by not awarding prejudgment interest under Section 75-17-7.

¶30. However, we have long held that postjudgment interest is a statutory right under Section 75-17-7 because public policy heavily favors postjudgment interest. *Miss. Dep't of Hum. Servs. v. McNeel*, 10 So. 3d 444, 460 (¶ 34) (Miss. 2009) (citing *Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917, 929 (¶ 40) (Miss. 2006)). Again, Section 75-17-7 states in relevant part: "[a]ll other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint."

¶31. The trial court denied interest on the basis that since Section 43-37-9 was silent on the award of interest, interest was not recoverable. Based on *Miller v. Henry,* it reasoned that "[I]nterest in this state is a creature of statute, and without a statute authorizing it, interest as such is not recoverable." *Miller v. Henry,* 139 Miss. 651, 103 So. 203, 204 (Miss. 1925); *see, e.g.*, *City of Gulfport v. Dedeaux Util.* **Co.**, 237 So. 3d 164 (Miss. 2018). The trial court did not apply Section 75-17-7 and did not award postjudgment interest. It simply glossed over the mandatory statute that awards postjudgment interest. It did not have discretion to deny the award of postjudgment interest on the attorneys' fees, only discretion to determine the amount and the date from which to allow them. Therefore, the circuit court abused its discretion by not awarding postjudgment interest on PriorityOne's and Cowan Road's attorneys' fees.

## CONCLUSION

¶32. Because Mississippi Code Section 43-37-9 applies and both Cowan Road and PriorityOne are owners of interests in land, they are entitled to reasonable attorneys' fees and

15

expenses. Further the trial judge did not abuse his discretion by finding the attorneys' fees to be reasonable, reducing the amounts awarded to both Cowan Road and PriorityOne and denying their requests for prejudgment interest. However, the trial judge abused his discretion by disallowing Cowan Road's and PriorityOne's requests for postjudgment interest. For the above reasons, we affirm as to Issues I-III and reverse and remand as to Issue IV, the failure of the trial court to award postjudgment interest on the attorneys' fees.

¶33.   **ON DIRECT APPEAL: AFFIRMED. ON CROSS APPEAL: AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**KITCHENS AND KING, P.JJ., MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.   RANDOLPH, C.J., AND BEAM, J., NOT PARTICIPATING.**